Date signed January 31, 2008



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| In Re: | Case No. 06-15579PM |
|---|---|
| Jennifer L. Vaszil, | Chapter 13 |
| Debtor. | |

**MEMORANDUM OF DECISION**

The Chapter 13 Trustee ("Trustee") filed a motion seeking an order to show cause why the Law Office of Richard B. Rosenblatt, P.C. ("Rosenblatt Firm") should not be sanctioned and the fees paid to it by the Debtor disgorged on account of what the Trustee perceived as the abandonment of the Debtor by counsel. This is based upon counsel's undertaking as set forth in the statement filed pursuant to Federal Rule of Bankruptcy Procedure 2016(b) to represent the Debtor for the duration of the bankruptcy case. Excepted from this undertaking were the defense of motions for relief from stay, lien avoidances and motions relating to the refinancing or sale of real property. These latter matters would require an additional fee.

On January 29, 2008, the court heard arguments of the parties as well as the testimony of the Debtor and Steven Mark Assaraf ("Assaraf"), the attorney from the Rosenblatt firm assigned to this case. The court found both witnesses credible.

An order confirming the Debtor's Second Amended Chapter 13 Plan, filed November 2, 2006, was entered on November 21, 2006. It provided for a modest payment of $50.00 a month for a term of six months and the sale of her Rockville home within a year. This sale would provide the funds required for the curing of the pre-petition arrearage of $7,112.43 owed to Option One, the Debtor's mortgage lender, payment of the remainder of $2,250.00 owed to the

Rosenblatt firm, payment of $16,549.31 of the unsecured claims filed, and the payment to Volvo Finance North America ("Volvo") to discharge its judgment lien dated July 14, 2005, in the sum of $15,073.21 with interest at 10% per annum.  A sale plan appeared to be the only option available as the solution to the Debtor's financial problem because her income is limited to Social Security Disability Payments, food stamps and sporadic child support.  The Debtor is disabled and from her limited income must support her 12-year-old child as well.

On October 10, 2007, Volvo filed a motion to dismiss the case based upon the Debtor's failure to consummate the sale – a premature motion probably based upon the assumption that by the time the matter came on for hearing a year would have passed after confirmation.  Volvo's lien, it should be noted, is junior only to a first lien of approximately $90,000.00 on property that Montgomery County assesses at $397,300.00.  Seldom has the court encountered a creditor with more security for a debt accumulating interest at the rate of 10%.

When the hearing on the motion to dismiss took place, neither the Debtor nor a representative of the Rosenblatt firm appeared.  The Debtor appeared after the hearing took place, as she was held up by public transportation.  The Trustee was justifiably upset by the Debtor's counsel's failure to appear.  As a result, the Trustee filed an extraordinary Post-Hearing Report (Doc. #27), pointing out the modest harm, if any, caused to Volvo by the delay and the general condition of the real estate market. The court passed an order on December 10, 2007, conditionally granting the motion to dismiss, should the Debtor fail to sell her real property by March 10, 2008.  Upon a motion, nothing prevents the court from extending the time for sale should circumstances warrant.

The response of the Rosenblatt firm notes that the Rule 2016(b) statement overstated the amount received by it.  The Debtor paid it a retainer of $1,250.00 with the balance to be paid from the proceeds of the sale of the house.  The Debtor was also to pay the filing fee of $274.00. When the Debtor was unable to raise the filing fee, the firm paid the filing fee out of the retainer, upon the Debtor's promise to reimburse it.  The Debtor paid only $40.00 more on that account. When the motion to dismiss was discussed, Asaraf pointed out that Volvo had the right to file the motion.  This advice did not meet the Debtor's approval nor the advice that the Debtor would have to demonstrate her efforts to sell the house as required by the Amended Plan.  At some

point, the Debtor's phone was disconnected and contact between her and the Rosenblatt firm became difficult.  The Debtor filed a response to Volvo's motion in proper person.

The Rosenblatt firm failed to exercise the degree of competence that one would hope of a firm that appears in this court with the frequency that it does.  Here was the holder of a judgment for deficiency obtained after repossession of an automobile.  It was over-secured ten times over.  Similarly, although this has little to do with the matter at hand, the Rosenblatt firm knew that when the time came, that its fee for representing the Debtor in the sale of the property was also massively secured by the sale proceeds.  While it was well within its rights to demand an advance for these services, one hopes for a more compassionate approach to the practice of law, considering the Debtor's circumstances.  In any event, the Rosenblatt firm had the duty to exercise all of its legal ability to resist the Volvo motion, brought on by the unexpected downturn in the housing market.  Nothing prevented the Rosenblatt firm from seeking a modification of the confirmed Amended Plan.

In conclusion, the court finds that the Rosenblatt firm did not perform the service that it had undertaken to perform, and an appropriate order will be entered.[1]

cc:   Jennifer L. Vaszil
      13204 Turkey Branch Parkway
      Rockville, MD 20853-3310

      Steven Marc Assaraf
      Law Offices of Richard B. Rosenblatt, PC
      30 Courthouse Square, Suite 302
      Rockville, MD 20850

      Chapter 13 Trustee
      Nancy L Spencer Grigsby
      P.O. Box 958
      Bowie, MD 20718

**End of Memorandum of Decision**

---

[1] In the course of the hearing, information came out that is confirmed by reference to the land records of Montgomery County that the Debtor deeded the subject real property to the Estate of Frank J. Vaszil, her father, from whom the land records show that she purchased the property in 2003, for a price shown as $59,600.00.  This conveyance was accomplished without court approval.  The property remains subject to the liens of record.