Date signed November 06, 2009



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

IN RE:                                  :
                                        :
JENNIFER VASZIL                         :    Case No. 06-15579PM
                                        :         Chapter 13
          Debtor                        :
- - - - - - - - - - - - - - - - - - - - :

**MEMORANDUM OF DECISION**

This case comes before the court on the Application of Christina M. Williamson and the Montero Law Group, LLC, for an allowance of compensation and reimbursement of expenses as counsel for the Debtor ("Application"). Counsel seeks an allowance of $12,045.00. The Application is opposed by Floyd Willis III, on behalf of himself, Scott W. Vaszil, Personal Representative of the Estate of Frank J. Vaszil, Mark S. Vaszil, Frank J. Vaszil, and Joan L. Tischer, the legatees of that Estate. The Chapter 13 Trustee supports the Application in its entirety.

This case is a prime illustration of a phenomenon found from time to time in bankruptcy cases, that is, a bitter contest between two parties, neither of whom may have done a thing wrong, who are caught up when the bankruptcy system goes off track and a third party, often the debtor, who does not act as she should. This bankruptcy case under Chapter 13 was filed with promises of payment of creditors in full, primarily from the sale of a residence. In between the date of the filing of this case on September 12, 2006, and the sale of the house in the Fall of 2009, the real estate market collapsed. The Debtor appears to have been inattentive to her obligations and apparently did absolutely nothing in the way of preservation of the property. Added to this mix was the lack of professional conduct by original counsel for the Debtor.

After the filing of this case, by an Order entered November 21, 2006, this court confirmed Debtor's Second Amended Plan on the recommendation of the Chapter 13 Trustee that the Plan complied with the provisions of 11 U.S.C. § 1325.  The Plan provided that the Debtor was to pay the Trustee $50.00 a month and that the property would be sold within 12 months with the entire proceeds of the sale of the residence in question to be used to satisfy all allowed claims. The sale did not take place promptly, and on October 10, 2007, Volvo Finance North America, LLC ("Volvo Finance"), a creditor secured by a judicial lien on the real property, moved to dismiss the case on account of Debtor's failure to consummate the sale. Debtor opposed the Motion asserting without any basis therefor that Volvo's claim was not secured and went on to say that she was disabled, collecting Social Security disability, and needed the property for herself and her minor child.  Debtor further asserted that she had made all required monthly payments.  Debtor did not appear for the hearing that was set on November 20, 2007, on Volvo Finance's motion.  That same day, the Chapter 13 Trustee filed a Motion for an order to show cause why the Debtor's attorney should not be sanctioned and fees disgorged on account of counsel's failure to appear on Debtor's behalf.  On December 10, 2007, this court passed an Order conditionally granting the Motion to Dismiss the case in the event that Debtor failed to sell the subject real property by March 10, 2008.  On February 1, 2008, an Order was entered requiring substantial disgorgement of attorney's fees received by Debtor's original counsel.

On February 25, 2008, the Chapter 13 Trustee filed a Motion to Alter or Amend the conditional Order dismissing the case, reciting that on January 29, 2008, the subject property had been reconveyed by Debtor to her father's probate estate pursuant to an order of the Circuit Court for Montgomery County, Maryland, sitting as the Orphan's Court.  This related to a pre-petition constructive trust imposed by the Orphan's Court on or about April 5, 2004.  However the deed reconveying the property to the probate estate was not recorded until October 5, 2007, after the filing of the bankruptcy case.  The Trustee further reported, as a result of information received from counsel for the Personal Representative, that the Debtor should receive some $43,000.00 from the sale of the property by the Estate.  As further grounds for the relief sought, the Trustee stated that the action would allow the Trustee and the probate estate time to resolve their respective interests in the property and the sale proceeds.  On April 8, 2008, the court held a hearing on the Motion to Dismiss that was attended by counsel for Volvo Finance.  After hearing the statements of all interested parties on the record, the court denied the motion.

On August 6, 2008, Christina M. Williamson and the Montero Law Group, LLC, entered their appearance as attorneys for the Debtor. On September 9, 2008, the Chapter 13 Trustee filed a Motion to Convert the case to a case under Chapter 7. The grounds for this motion were that Debtor reconveyed the property to her father's probate estate, the failure to describe her interest in the probate estate property in her Verified Schedules, the deterioration of the subject property, and various other factors. This Motion further reported that the Personal Representative had advanced $10,000.00 towards the payment of the post-petition arrears claim for the subject property. Debtor opposed the Motion. The Trustee's motion was set for hearing on October 7, 2008. At the request of the parties, the matter was continued to November 25, 2008, and thereafter to February 17, 2009.

On January 12, 2009, Wells Fargo Bank, N.A., filed a Motion for Relief from Stay, alleging Debtor's failure to make payments on the Note secured by the Deed of Trust from September 1, 2008, forward. This was in addition to pre-filing arrears of $7,112.43. Debtor opposed the Motion, pleading that there was sufficient equity in the property to protect the interests of the secured creditor and that she intended to sell the home within six months. Debtor's response further stated that she had engaged a broker, Dayls Keith, to sell her home. However, counsel did not file an application was filed to authorize such employment. The motion for relief from stay was originally set for February 9, 2009, continued by the Movant to March 9, 2009. On March 10, 2009, a Consent Order was entered terminating the automatic stay so as to allow a foreclosure sale to proceed but staying the Order until July 6, 2009, providing that Debtor made the regular monthly payment of $676.76 when due.

On July 22, 2009, the Debtor, through her attorneys, filed a Motion to Sell the subject property for the sum of $184,000.00.[1] The Motion further stated that the sale would result in a payout of $44,055.03. In addition, this Motion was accompanied by a Motion to Shorten Time to respond to the notice of sale because the sale was required to take place by July 28, 2009. The Chapter 13 Trustee filed a consent to the Motion to Sell, but did not seek to surcharge the Debtor's exemption on account of the Debtor's failure to make the payments to the secured creditor that resulted in the Motion for Relief from Stay. Contrary to the representations made by counsel in the Motion to Sell, because of various "undiscovered" liens on the subject property, the amount ultimately paid out to unsecured creditors was substantially less than what

---

[1] Debtor's Schedule A filed with the petition valued the property at $400,000.00.

was stated in the papers filed on behalf of the Debtor. These liens were readily ascertainable from the land records.

>11 U.S.C. § 330(a)(4) provides:
>
>(A) Except as provided in subparagraph (b), the court shall not allow compensation for -
>    (i)   unnecessary duplication of services; or
>    (ii)  services that were not --
>          (I)  reasonably likely to benefit the debtor's estate; or
>          (II) necessary to the administration of the case.
>
>(B) In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

There is no question that counsel's services benefitted the Debtor by keeping her in the house at a modest cost long after her confirmed Plan required her to sell and vacate the property. However, the misstatement of the amount that the sale would produce undoubtedly caused counsel for the probate estate to refrain from challenging the sale. At the hearing on the Application, it was suggested that the beneficiaries of the probate estate could have purchased the property, rehabilitated it as required, and produce a return substantially in excess of what ultimately was paid to them. Debtor's counsel asserts that their failure to complain about the undisclosed liens at the time the sale was consummated bars them from objecting to the fees charged. However, the fact remains that there was a court order in place. Similarly, the court finds the fee Application in order. The court has no reason to find that the services charged for were not done and, in fact, charges after August 6, 2009, were not included. Nonetheless, the court will not allow the full amount sought. The misstating of the amount ultimately paid out led to the unfortunate result complained of by the counsel for the probate estate. A slight diminution is appropriate in the circumstances. An appropriate order will be entered in accordance with the foregoing.

cc:
Christina M. Williamson, Montero Law Group,
    1110 Bonifant Street, #510, Silver Spring, MD 20910
Nancy S. Grigsby, Trustee, P.O. Box 958, Bowie, MD 20718
Floyd Willis III, Esq., 33 Wood Lane, Floor 2, Rockville, MD 20850
Jennifer Vaszil, 25905 Ridge Manor Drive, Unit B, Damascus, MD 20872

**End of Memorandum**